IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 2:38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

JOE CARL VALDEZ SR.,
            Petitioner,

-vs-                                         Case No. A-14-CA-026-SS

WILLIAM STEPHENS,
            Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Joe Carl Valdez, Sr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1], Respondent William Stephens's Motion to Dismiss [#13], the Report and Recommendation of the United States Magistrate Judge [#14], and Valdez's Objections [#17]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations and DISMISSING the petition.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Valdez is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file

de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Valdez was charged by indictment with the offense of robbery by threat, with a prior felony conviction alleged for enhancement purposes. Valdez pleaded not guilty and proceeded to trial. The jury found Valdez guilty of robbery, and Valdez was sentenced to thirty years imprisonment on December 22, 1999. Valdez's conviction was affirmed on direct appeal on September 21, 2000. *Valdez v. State*, No. 03-00-00085-CR, 2000 WL 1350714, at *1 (Tex. App.—Austin Sept. 21, 2000, no pet.) (mem. op., not designated for publication). Valdez filed his first state application for habeas corpus relief in 2008. It was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on March 18, 2009. *Ex parte Valdez*, Appl. No. 71,652-01. Valdez filed a second state habeas application in 2012, which the Texas Court of Criminal Appeals dismissed as non-compliant on March 28, 2012. *Id.*, Appl. No. 71,652-02. Valdez filed two more state habeas applications in 2013, both of which were dismissed as successive. *Id.*, Appl. Nos. 71,652-03, -04.

Valdez filed his federal petition on January 10, 2014. Valdez raises the following grounds for relief: (1) he is actually innocent; (2) the State's indictment is void; (3) all errors are structural errors; (4) he received ineffective assistance of counsel; and (5) the State engaged in prosecutorial misconduct by withholding exculpatory evidence.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Valdez's conviction became final, at the latest, on October 21, 2000, at the conclusion of time during which Valdez could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Valdez therefore had until October 21, 2001 to timely file his federal petition. Valdez executed his federal petition on January 3, 2014, more than a decade after the limitation period expired. Valdez's state habeas corpus applications did not operate to toll the limitation period because they were also filed long after the limitation period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Valdez appears to argue the untimeliness of his petition should be excused because he recently learned his state-appointed trial counsel was not licensed to practice law at the time of Valdez's trial. First, Valdez offers no reason why the factual predicate of this claim could not have been discovered "through the exercise of due diligence" within the one-year limitation period. *See*

28 U.S.C. § 2244(d)(1)(D).[1] Second, Valdez's allegation of actual innocence does not rise to the level required for relief from AEDPA's limitation period by the United States Supreme Court. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013). Valdez's burden is to present new, reliable evidence to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (internal quotation marks omitted). Valdez's counsel's license status is irrelevant to Valdez's guilt or innocence of robbery. Additionally, Valdez has not presented any new, reliable evidence showing his attorney was not licensed. To the contrary, Valdez presents only letters from attorneys who performed searches of the Texas State Bar website on Valdez's behalf for a "Dan Green," but found no such attorney. One letter even advised Valdez Green was a popular last name, Dan was possibly a middle name, and the attorney's city and state bar number would be necessary to identify the attorney in the state bar records. Pet. [#3-1], Ex. B. Stephens's search of the same records using Valdez's counsel's state bar number as listed on the trial court pleadings revealed the attorney Roland D. Green has been licensed to practice in Texas since 1967. Mot. Dism. [#13-3], Ex. B. Valdez has not carried his heavy burden of establishing his actual innocence such that he may avoid AEDPA's statute of limitations.

Finally, the record does not reflect any unconstitutional state action impeded Valdez from filing for federal habeas corpus relief before the limitation period expired. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do the claims raised by Valdez concern a constitutional right recognized by the

---

[1] Similarly, Valdez's allegations the prosecution improperly coached a witness at trial as to Valdez's identity and failed to present a photo identification lineup used before the grand jury concern facts Valdez knew (or could have discovered through the exercise of reasonable diligence) at the time of trial, or at least within the one-year limitation period.

Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C).

## Conclusion

The Court agrees with the Magistrate Judge: Valdez's petition is time-barred by AEDPA and must be DISMISSED WITH PREJUDICE.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Valdez's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Joe Carl Valdez, Sr.'s Objections [#17] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#14] is ACCEPTED;

IT IS FURTHER ORDERED that Respondent William Stephens's Motion to Dismiss [#13] is GRANTED;

IT IS FURTHER ORDERED that Petitioner Joe Carl Valdez, Sr.'s Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 13th day of June 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE